UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| SUSAN D. HENDRICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 4:03CV79AS |
| | ) | |
| COMPASS GROUP U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER & OPINION**

This matter is before the Court on the Motion for Summary Judgment (Docket No. 21) filed by Defendant Compass Group U.S.A., Inc. Oral arguments were heard on this motion in Lafayette, Indiana on July 19, 2006, and the issues have been fully briefed. For the reasons set forth below, the Defendant's motion is **GRANTED**. Accordingly, the Clerk is **ORDERED to DISMISS** this case **with prejudice**.

I.  Introduction

On November 1, 2003, Plaintiff, Susan D. Hendricks ("Hendricks"), brought this suit against her former employer, Compass Group U.S.A., Inc. ("Compass"). Her complaint alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"). Defendant filed its motion for summary judgment claiming there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

II.  Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of genuine issues of material fact.  *Celotex*, 477 U.S. at 323.  Once this burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).  "[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988).  Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment is proper.  In this situation, there can be "'no genuine issue of any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

    III.    <u>Facts</u>

Hendricks worked for Compass as a utility driver from May 2002 until she was injured on June 3, 2003.  (Pl. Dep. 18:7-18).  Immediately before her injury, Hendricks earned

2

approximately $12.23 per hour.  (Pl. Dep. 20:23-25).  She filed a claim for workers' compensation after her injury, but did not initially file for FMLA leave.  (Pl. Dep. 25:10-15; 43:11-13; 48:7-10).   Though Hendricks returned to work, she could not perform her prior job functions.  (Pl. Dep. 24:5-15).  Instead, she went on light duty and performed office work twenty-five hours per week.  (Pl. Dep. 20:1-9; 36:14-25; 37:1-13).  While on light duty, Hendricks earned $9.00 per hour, which is $3.23 per hour less than she was paid prior to her injury.  (Pl. Dep. 20:1-9)  She had surgery on July 28, 2003,  (Pl. Dep. 22:17-19) and she was approved for FMLA leave as of September 2, 2003.  (Pl. Dep. 25:21-24).  After her surgery, Hendricks returned to work and continued on light duty.  (Pl. Dep. 27:4-6).  Her job duties remained the same from after her surgery until the end of her employment.  (Pl. Dep. 27:22-25; 43:14-16).  A collective bargaining agreement governed the terms of her employment.  (CBA, Ex. E); According to that agreement, "Employees who work on a temporary basis in a lower paid classification shall retain their regular rate."  CBA, Exhibit E, Section 3.  Her employment ended in March 2004.  (Pl. Dep. 28:4-25; 29:1-2).

    IV.    <u>Discussion</u>

Hendricks's backpay claim is the only remaining claim at issue.[1]  She argues that she is entitled to the difference between her regular rate of pay and the light duty rate of pay.  Relying on 29 C.F.R. § 825.207(d)(2), she states that because "workers [sic] compensation leave is paid, an employer may not require that the employee utilize other paid time off or take unpaid leave, unless the employee refuses an offer of light duty work in lieu of leave."  (Plaintiff's Brief in

---

[1] Hendricks concedes that her "other claims are not supported by the evidence and facts.  (Plaintiff's Brief in Opposition to Summary Judgment at 3, n.2).  As such, they will not be discussed by the Court.

Opposition to Summary Judgment at 4). Therefore, according to Hendricks, FMLA leave must be paid when taken in conjunction with workers' compensation leave. The Court respectfully disagrees.

Generally, FMLA leave is unpaid. 29 C.F.R. § 825.207(a); *see also* 29 U.S.C. § 2612(c); 29 C.F.R. § 825.100(a). Section 825.207(d)(2) states, in relevant part: "As the workers' compensation absence is not unpaid leave, the provision for substitution of paid leave is not applicable." Compass interprets this provision to mean that an employee may not take accrued paid leave concurrently with both workers' compensation leave and FMLA leave. This Court agrees. The regulatory history supports this position:

> An employee who incurs a work-related illness or injury elects whether to receive paid leave from the employer or worker's compensation benefits. *An employee cannot receive both*. Therefore, where a work-related illness or injury also causes a "serious health condition that makes the employee unable to perform the functions of the position of such employee" within the meaning of FMLA, and the employee has elected to receive worker's compensation benefits, an employer cannot require the employee to substitute, under FMLA, any paid vacation or other leave during the absence that is covered by payment from the State workers' compensation fund. *Similarly, an employee cannot elect to receive both worker's compensation and paid leave benefits*.

Paid or Unpaid Leave (§ 825.207), 60 Fed. Reg. 2,204, 2,205 (Jan. 6, 1995) (emphasis added).

Additionally, the Collective Bargaining Agreement does not entitle Hendricks to backpay. According to the agreement, "Employees who work on a temporary basis in a lower paid classification shall retain their regular rate." Hendricks relies on 29 C.F.R. § 825.700, which states that "[a]n employer must observe any employment benefit program or plan that provides greater family or medical leave rights to employees than the rights established by the FMLA." 29 C.F.R. § 825.700(a). But that regulation is of no help to Hendricks. The provision applies

only to "[e]mployees who work on a temporary basis in a lower paid classification." Hendricks has provided no evidence that her light duty work was done "on a temporary basis." As such, the Collective Bargaining Agreement provision does not apply to her. Because the regulations do not entitle Hendricks to receive workers' compensation benefits concurrently with paid leave, and because the relevant Collective Bargaining Agreement provision is not applicable to her, Hendricks's backpay claim must fail. As that is the only remaining claim, summary judgment is appropriate.

  V. <u>Conclusion</u>

  For the foregoing reasons, the Defendant's Motion for Summary Judgment is **GRANTED**. Accordingly, the Clerk is **ORDERED to DISMISS** this case **with prejudice**. **SO ORDERED**.

**DATE: August 29, 2006**

                 <u> S/ ALLEN SHARP </u>
                 **ALLEN SHARP, JUDGE**
                 **UNITED STATES DISTRICT COURT**